HECLA CONSOLIDATED GOLD MIN. CO. v. O'NEILL.

(Supreme Court, General Term, First Department. February 17, 1893.)

1. JUDGMENT—ENTRY ON DEFAULT AFTER SUSTAINING DEMURRER TO ANSWER.
   Where a demurrer interposed to an answer is duly sustained, and an order or interlocutory judgment is duly entered, directing the entry of final judgment for the relief demanded in the complaint, with costs, unless defendant should serve an amended answer and pay certain costs within a specified time, plaintiff is entitled to enter up final judgment without any further direction from the court after defendant is in default for failure to amend his answer, though the action is equitable in its nature.

2. APPEAL FROM FINAL JUDGMENT—REVIEW OF TAXATION OF COSTS.
   No question as to the taxation of costs can be raised on appeal from the final judgment, as the taxation of costs forms no part of the judgment roll; and if costs are inserted without taxation, it is simply an irregularity on the part of the clerk, which must be corrected on motion.

Appeal from special term, New York county.

Action by the Hecla Consolidated Gold Mining Company against William L. O'Neill to compel defendant to execute an assignment to plaintiff of three mining claims held by him under a trust deed. From a final judgment entered on sustaining a demurrer to the answer, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

W. L. O'Neill, for appellant.
J. N. Hayes, for respondent.

VAN BRUNT, P. J. This action was commenced to procure equitable relief against the defendant. A demurrer was interposed to the defendant's answer, which was duly sustained, and an order and interlocutory judgment were duly entered, directing the entry of final judgment for the relief demanded in the complaint, with costs, unless the defendant should serve an amended answer and pay certain costs within 10 days. The defendant appealed from the interlocutory judgment so entered to the general term, and subsequently, the defendant having failed to serve an amended answer, or pay the costs, or stay the plaintiff pending his appeal from the interlocutory judgment, a final judgment was entered for the relief demanded in the complaint, and from this final judgment this appeal was taken.

The grounds which are presented upon this appeal are—First, that the clerk had no jurisdistion to enter a judgment without an application having first been made to the court; and, second, that the costs which were inserted in the final judgment were not taxed or adjusted by the clerk in any way as required by the provisions of the Code. It is urged that, this being an equitable action, and not one on contract, the plaintiff was not entitled, as of course, to final judgment, without the direction of the court for such judgment against the defendant upon an alleged default; and it is claimed that there was in fact no such direction; and, further, that there was no direction that the plaintiff was entitled to costs. Upon an examination of the record, it will appear that these points are manifestly not well taken. Upon the trial of the

demurrer, there was an application for judgment, because of the insufficiency of the answer; and the court, having held the answer to be insufficient, by sustaining the demurrer, directed an interlocutory judgment by which the demurrer was sustained, with leave to amend upon terms, and, in default of such amendment, directed judgment to be entered for the relief demanded in the complaint, with costs as taxed. This seems to have been a compliance with the provisions of the Code regulating the practice in cases of this description.

The point as to the taxation of costs cannot be raised upon appeal from the final judgment, for the simple reason that the proceedings upon the taxation of costs formed no part of the judgment roll; and, if the costs were inserted without taxation, it was simply an irregularity upon the part of the clerk, which must be corrected upon motion. There would, seem, therefore, to be nothing raised upon this appeal which in any way interferes with the validity of the final judgment as entered. The judgment should be affirmed, with costs. All concur.